UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABUBACARR JAWARA,

Petitioner,

v.

JUILIO HERNANDEZ, ET AL.,

Respondents.

Case No. C26-4407-SKV

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Before the Court is an Emergency Motion for Temporary Restraining Order ("TRO"), filed by Petitioner Abubacarr Jawara ("Petitioner"). Dkt. 2. For the reasons that follow, the motion is DENIED without prejudice.

Petitioner, who has also filed a Petition for Habeas Corpus, Dkt. 1, seeks the following interim relief via the TRO motion:

1) an order restraining "Respondents and persons bound under Rule 65(d)(2) from transferring Petitioner outside the Western District of Washington until the Court rules on this motion" if "supported by evidence of a concrete and imminent transfer risk"; or alternatively,

2) an order requiring "Respondents to give Petitioner, counsel, and the Court at least 72 hours' advance written notice before transfer outside this District, subject to a documented emergency exception and prompt subsequent notice"; and

3) an order setting expedited briefing in this matter.

Dkt. 2 at 6–7.

Petitioner's request for a prohibition on his transfer is premature because there is no indication that his transfer is imminent. A TRO, like any preliminary injunctive relief, "is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To receive a TRO, Petitioner must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Id.* at 20. Petitioner identifies no likelihood of harm, and he acknowledges that "[a]t present, the petition . . . does not itself identify any scheduled or threatened out-of-district transfer. Counsel should supply competent evidence of a concrete transfer threat before requesting such a prohibition as urgent relief." Dkt. 2 at 4. The Court agrees that Petitioner has made no concrete showing of entitlement to a prohibition on Petitioner's transfer at this time; accordingly that request is DENIED as premature.

Petitioner's alternate request for advance written notice of his transfer is rendered moot by the Court's Scheduling Order, which has already provided analogous relief:

> Respondents shall provide Petitioner(s) and Petitioner(s)' counsel in this habeas action at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer any Petitioner(s) from the Western District of Washington or to remove them from the United States.

Dkt. 3 at 2. Accordingly, the motion's request for notice is DENIED as moot in light of the Court's Scheduling Order. *Id.*

The request for an expedited briefing schedule is unsupported and does not specify a proposed briefing schedule. Accordingly, it is likewise DENIED as moot in light of the Scheduling Order, which contains instructions for seeking expedited briefing. *Id.* at 3.

Dated this 13th day of November, 2026.

S. KATE VAUGHAN
United States Magistrate Judge